**STATE OF MONTANA,**
  **Plaintiff,**                          **CAUSE NO. CDC-87-260**
**vs.**                                   **DECISION**
**CRAIG W. FRAZIER,**
  **Defendant,**

On November 29, 2005, the defendant was sentenced for violating the conditions of a suspended sentence as follows: <u>Count III</u>: A commitment to the Department of Corrections for a term of ten (10) years, with five (5) suspended, for the offense of Criminal Possession of Dangerous Drugs with Intent to Sell (marijuana), a felony; and <u>Count IV</u>: A commitment to the Department of Corrections for a term of ten (10) years, with five (5) years suspended, for the offense of Criminal Possession of Dangerous Drugs with Intent to Sell (cocaine), a felony. The Counts shall run concurrently with each other and with the terms imposed in Cause Numbers CDC-87-236 and ADC-87-100.

On August 2, 2007, the defendant's application for review of that sentence was heard by the Sentence Review Division of the Montana Supreme Court.

The defendant waived his appearance prior to the hearing and waived his right to be represented by counsel. The state was represented by Brant Light.

Rule 17 of the Rules of the Sentence Review Division of the Supreme Court of Montana provides that "the sentence imposed by the District Court is presumed correct, and the sentence will not be reduced or increased unless it is deemed clearly inadequate or excessive." (§46-18-904(3), MCA).

The Division finds that the reasons advanced for modification are sufficient to hold that the sentence imposed by the District Court is clearly excessive in light that the sentencing judge did not grant credit for time served. Pursuant to §46-18-203(b), MCA, it states, "If a suspended or deferred sentence is revoked, the judge shall consider any elapsed time and either expressly allow all or part of the time as a credit against the sentence or reject all or part of the time as a credit. The judge shall state the reasons for the judge's determination in the order. Credit must be allowed for time served in a detention center or home arrest time already served."

Therefore, it is the unanimous decision of the Sentence Review Division that the sentence shall be amended to grant credit for time served of ninety-seven (97) days. The Defendant's request for street time credit is denied. The sentence and the conditions of the sentence shall otherwise remain as imposed in the November 29, 2005 Judgment.

Done in open Court this 2nd day of August, 2007.

DATED this 14th day of August, 2007.

Chairperson, Hon. Randal I. Spaulding, Member, Hon. Katherine Irigoin and Member, Hon. Stewart Stadler.